IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEMING SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>J. CLARK KELSO, Receiver; DONALD SPECTOR, Prison Law Office; MICHAEL BEIN; C.D.C.R.,<br><br>    Defendants. | No. C 13-3738 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a California prisoner at the California Training Facility ("CTF"), filed this pro se civil rights complaint under 42 U.S.C. § 1983. His application to proceed *in forma pauperis* is granted in a separate order. The complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need

detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff sues the receiver appointed by Judge Henderson in *Plata v. Schwarzenegger*, No. C 01-1351 TEH, to oversee the delivery of medical care to prisoners incarcerated by the California Department of Corrections and Rehabilitation ("C.D.C.R."). He also sues two lawyers representing the plaintiffs in that case, as well as the C.D.C.R. itself. Plaintiff only makes a single, generalized allegation that he is "suffering from multiple medical disorders." It appears that Plaintiff is complaining about the medical care he is receiving, and that he believes both the C.D.C.R. and the receiver are responsible for such care. But he does not allege what medical problems he has, what care he received or failed to receive, what involvement each of the Defendants had in his medical care. Absent such allegations, he does not state a "plausible" claim that Defendants violated his constitutional rights. He will be given leave to file an amended complaint in which he explains what actions each of the Defendants took or failed to take and how such actions or inactions caused him to suffer inadequate medical

care that amounted to a denial of his Eighth Amendment rights. He states that more information is "on file" with the Appeals Coordinators at various prisons, but he must include such information in his amended complaint if he wants it to be considered part of this action.

## CONCLUSION

This case is DISMISSED WITH LEAVE TO AMEND.

Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed**. Plaintiff is advised to use the Court's complaint form. The amended complaint **must** include the caption and civil case number used in this order (No. C 13-3738 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

IT IS SO ORDERED.

DATED: October 3, 2013

JEFFREY S. WHITE
United States District Judge

3

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

FLEMING SMITH,

        Plaintiff,

  v.

CDCR et al,

        Defendant.

                                  /

Case Number: CV13-03738 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 3, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fleming Smith
N.C.D.F.
2254 Ordinance Road
Santa Rosa, CA 95403

Dated: October 3, 2013

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk