IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEMING SMITH, ) | No. C 13-3738 JSW (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| J. CLARK KELSO, Receiver; DONALD ) SPECTOR, Prison Law Office; ) MICHAEL BEIN; C.D.C.R., ) | |
| Defendants. ) | |
| _____ ) | |

## INTRODUCTION

Plaintiff, a California prisoner at the California Training Facility ("CTF"), filed this pro se civil rights complaint under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend. Plaintiff filed an amended complaint, and, for the reasons the case is DISMISSED.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need

detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff claims that he received inadequate care and accommodation for his medical condition. The original complaint was dismissed because it did not identify Plaintiff's medical condition, nor did Plaintiff describe the actions Defendants took or failed to take that caused him to suffer inadequate medical care in violation of his Eighth Amendment rights.

In his amended complaint, Plaintiff alleges that he suffers from a wide variety of medical conditions, including vision, mobility and seizure problems. He alleges two incidents of inadequate medical care. First, he alleges that an unnamed nurse negligently stuck him in the thumb with a needle and then injected him with it. Second, he alleges that an unnamed official or officials failed to provide him with seizure medication for 15 to 20 days and endangered him by assigning him an upper bunk on the fifth tier of his cell block. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*,

429 U.S. 97, 104 (1976). Plaintiff alleges that prison officials were negligent in failing to provide adequate medical care. While negligence may form the basis of a claim of medical malpractice claim, negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004). Plaintiff's allegations of negligence, while insufficient, would not be dispositive if, for example, he alleged facts that could plausibly suggest deliberate indifference. He does not. Consequently, plaintiff's claims of inadequate medical care fail to state a cognizable basis for relief under Section 1983.

Plaintiff also names two lawyers, Donald Spector and Michael Bein, as Defendants, as he did in the original complaint. Here, he alleges that they failed to adequately intervene or advocate on his behalf after he alerted them to his problems. These private attorneys have no constitutional duty to represent Plaintiff or advocate on his behalf in any civil lawsuit or administrative proceeding. Secondly, private attorneys are not state actors liable under Section 1983. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981). Consequently, Plaintiff does not state a cognizable claim against the two attorney defendants.

Plaintiff has already been given an opportunity to amend his complaint once, but he does not state a cognizable claim for relief. The claims against the attorneys could not be amended to state a cognizable claim under Section 1983. The medical claims would have to be amended to claim that there was deliberate indifference, but such allegations would not be in good faith because Plaintiff has already alleged, under penalty of perjury, that defendants were simply being negligent. Accordingly, further leave to amend is not warranted.//

//

3

## CONCLUSION

This case is DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: December 11, 2013

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FLEMING SMITH,

        Plaintiff,

  v.

CDCR et al,

        Defendant.

Case Number: CV13-03738 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 11, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fleming Smith
N.C.D.F.
2254 Ordinance Road
Santa Rosa, CA 95403

Dated: December 11, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk